**IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS**

FILED
04 FEB 11 AM 11:20
CLERK OF CIRCUIT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

04-93-MJR

JADON S. OSTERHOUSE, a minor by
MELANIE D. OSTERHOUSE, his mother, as
natural guardian and next friend, MELANIE D.
OSTERHOUSE and DAVID OSTERHOUSE,

                  Plaintiffs,

v.

GREGORY L. GROVER, GREGORY L.
GROVER d/b/a MEMR, INC., RIGHTWAY
TRUCK REPAIR & ROAD SERVICE, INC.
and PACCAR, INC.

                  Defendants.

No. 03 L ⅀095

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COMPLAINT

COMES NOW Plaintiffs, JADON S. OSTERHOUSE, a minor by MELANIE D.
OSTERHOUSE, his mother, as natural guardian and next friend, MELANIE D. OSTERHOUSE
and DAVID OSTERHOUSE, by their attorneys, THE LAKIN LAW FIRM, P.C., and for their
causes of action against Defendants, state as follows:

### PARTIES

1.    Plaintiffs are residents of the City of Manchester, County of St. Louis and citizens
of the State of Missouri.

2.    At all times hereinafter mentioned and prior and subsequent thereto, Defendant
GREGORY L. GROVER was a resident of the City of Mt. Pleasant and a citizen of the State of
Utah and was doing business as MEMR, Inc. (MEMR) which was engaged in the business of
cargo hauling.

DEFENDANT'S
EXHIBIT
A
ALL-STATE LEGAL®

3.    At all times hereinafter mentioned and prior and subsequent thereto, Defendant MEMR was, on information and belief, a corporation organized and chartered under the statutes and laws of the State of Utah, with its principal place of business in Mt. Pleasant, Utah and was engaged in the business of cargo hauling.

4.    At all times hereinafter mentioned and prior and subsequent thereto, Defendant RIGHTWAY TRUCK REPAIR & ROAD SERVICE, INC. (RIGHTWAY), was a corporation organized and chartered under the statutes and laws of the State of Indiana, with its principal place of business in Leavenworth, Indiana and was engaged in the business of tractor-trailer inspection and repair.

5.    At all times hereinafter mentioned and prior and subsequent thereto, Defendant PACCAR, INC. (PACCAR) was a corporation organized and chartered under the statutes and laws of the State of Delaware, with its principal place of business in Bellevue, Washington and was engaged in the business of manufacturing heavy duty tractors sold under the Kenworth name.

## VENUE

6.    No defendant is a resident of the state of Illinois, such that venue is proper in this county pursuant to 735 ILCS 5/101(2).

## FACTS

7.    On or about October 20, 2002, RIGHTWAY undertook to perform an inspection and repair of the axle housing, axle and wheel assembly system of a 1990 Kenworth tractor, VIN 1XKWDB9X6LS543991, plate number 100842 (hereinafter "tractor") owned and operated by Defendant GREGORY L. GROVER, d/b/a MEMR, Inc., and did in fact inspect and/or repair the

2

axle, axle housing and wheel assembly system of the tractor.  RIGHTWAY undertook to perform service on the tractor in a workmanlike manner, including taking into account the foreseeable risks and hazards of injury to motorists on the highway in the event of a failure of the axle, axle housing or wheel assembly.

8.     On or about October 22, 2002, Plaintiff MELANIE D. OSTERHOUSE was driving a 2003 Buick Rendezvous eastbound in the left lane on Interstate 64 at or about milepost 70 near Mt. Vernon, Illinois when her vehicle was struck by an axle and double set of truck wheels which had separated from the tractor which was being driven westbound on Interstate 64 at about milepost 70, near Mt. Vernon, Illinois.  The axle and double-wheel came off the tractor and struck Plaintiff's vehicle in the rear driver-side wheel well, forcing Plaintiff off the road.

9.     On the above described date, time and location, Defendant GREGORY L. GROVER, d/b/a MEMR, Inc., was operating his vehicle, the aforementioned tractor, in a westerly direction through Mount Vernon, Jefferson County, Illinois on Interstate 64 at approximately milepost 70.

10.     At all times herein mentioned, the above location was open to the public for vehicular traffic.

11.---   Plaintiff MELANIE D. OSTERHOUSE was twenty-seven (27) years of age at the time of the collision and was completing a radiology residency program at Logan College of Chiropractic in St. Louis, Missouri.  She was approximately 6 months pregnant at the time of the crash and had no abnormalities in her pregnancy prior to the collision on October 22, 2002.

12.     On October 31, 2002, nine days after the crash, JADON S. OSTERHOUSE was born premature, at or about twenty-eight (28) weeks gestation and suffered from hyaline

3

membrane disease, hyperbilirubinemia, retinopathy of prematurity, apnea of prematurity, physiologic anemia and inguinal hernia.

13.   The deterioration of the axle housing, separation of the axle and wheel assembly from the tractor proximately caused the resulting injuries to Plaintiffs JADON S. OSTERHOUSE, MELANIE D. OSTERHOUSE and DAVID OSTERHOUSE.  Said injuries were proximately caused by the Defendants as indicated in more detail below.

## COUNT I
### (NEGLIGENCE AGAINST DEFENDANT GREGORY L. GROVER)

14.   Plaintiff MELANIE D. OSTERHOUSE reincorporates paragraphs 1-13 as if alleged herein.

15.   Defendant GREGORY L. GROVER owed a duty to Plaintiff, MELANIE D. OSTERHOUSE and others similarly situated to operate his tractor and all parts and/or appurtenances thereto in a manner so as not to cause bodily injury.

16.   At the above described time, place and location, GREGORY L. GROVER, was the owner and operator of the tractor at issue in this lawsuit.

17.   Defendant GREGORY L. GROVER was negligent in one or more of the following ways:

a)   Failing to comply with federal standards, including but not limited to 49 CFR 396 *et seq.*, and/or Illinois and/or common law standards for the operation of tractor-trailers on public highways by failing to maintain the axle housing, axle and wheel assembly of the tractor;

b)   Failing to comply with federal standards, including but not limited to 49 CFR 396 *et seq.*, and/or Illinois and/or common law standards for the operation of tractor-trailers on public highways by failing before each trip including the one on October 22, 2002 to inspect the tractor adequately or frequently enough to discover the deterioration of the axle housing and/or

4

defective wheel assembly, prior to failure of the components and subsequent injuries to Plaintiffs;

c)   In continuing to operate the tractor on the highway when he knew or in the exercise of reasonable care should have known that the axle housing, axle and wheel assembly were inadequately maintained and were in danger of deteriorating, causing the axle and wheel assembly to fly off and strike other vehicles and persons on the highway with catastrophic results.

e)   Failing to employ the use of any early warning system or fault detection equipment to identify mechanical failure; and

f)   Negligently hiring co-Defendant RIGHTWAY to perform inspection, maintenance and/or repair of the tractor.

18.   As a direct and proximate result of one or more of the foregoing negligent acts or omissions by GREGORY L. GROVER, Plaintiff was injured in one or more of the following ways:

a)   Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to her person including, but not limited to the pre-mature, cesarean section delivery of her child and disfigurement related thereto;

b)   Plaintiff suffered a loss of earning capacity;

c)   Plaintiff experienced pain and suffering in the past;

d)   Plaintiff has expended large sums of money to cure herself of her injuries; and

e)   Plaintiff experienced emotional distress;

WHEREFORE, Plaintiff, MELANIE D. OSTERHOUSE, prays for judgment in her favor and against the Defendant, GREGORY L. GROVER, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs of suit and such other and further relief as the court and/or jury may deem just and proper.

## COUNT II
### (NEGLIGENCE AGAINST DEFENDANT GREGORY L. GROVER d/b/a MEMR, INC.)

19.    Plaintiff MELANIE D. OSTERHOUSE reincorporates paragraphs 1-13 as if alleged herein.

20.    At the above described time, place and location, MEMR was the employer of GREGORY L. GROVER, the driver of the tractor at issue in this lawsuit.

21.    Defendant GREGORY L. GROVER d/b/a MEMR, INC. owed a duty to Plaintiff, MELANIE D. OSTERHOUSE and others similarly situated to operate the tractor and all parts and/or appurtenances thereto in a manner so as not to cause bodily injury.

22.    Defendant MEMR was negligent, directly and vicariously through the conduct of its agent or employees, in one or more of the following ways:

a)    Failing to comply with federal standards, including but not limited to 49 CFR 396 *et seq.*, and/or Illinois and/or common law standards for the operation of tractor-trailers on public highways by failing to maintain the axle housing, axle and wheel assembly of the tractor;

b)    Failing to comply with federal standards, including but not limited to 49 CFR 396 *et seq.*, and/or Illinois and/or common law standards for the operation of tractor-trailers on public highways by failing before each trip including the one on October 22, 2002 to inspect the tractor adequately or frequently enough to discover the deterioration of the axle housing and/or defective wheel assembly, prior to failure of the components and subsequent injuries to Plaintiffs;

c)    In continuing to operate the tractor on the highway when it knew or in the exercise of reasonable care should have known that the axle housing, axle and wheel assembly were inadequately maintained and were in danger of deteriorating, causing the axle and wheel assembly to fly off and strike other vehicles and persons on the highway with catastrophic results.

e)    Failing to employ the use of any early warning system or fault detection equipment to identify mechanical failure; and

6

f)      Negligently hiring co-Defendant RIGHTWAY to perform inspection, maintenance and/or repair of the tractor.

23.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions by MEMR, Plaintiff was injured in one or more of the following ways:

a)      Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to her person including, but not limited to the pre-mature, cesarean section delivery of her child and disfigurement related thereto;

b)      Plaintiff suffered a loss of earning capacity;

c)      Plaintiff experienced pain and suffering in the past;

d)      Plaintiff has expended large sums of money to cure herself of her injuries; and

e)      Plaintiff experienced emotional distress

WHEREFORE, Plaintiff, MELANIE D. OSTERHOUSE, prays for judgment in her favor and against the Defendant, GREGORY L. GROVER d/b/a MEMR, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs of suit and such other and further relief as the court and/or jury may deem just and proper.

### COUNT III
(NEGLIGENCE AGAINST DEFENDANT RIGHTWAY TRUCK REPAIR & ROAD SERVICE, INC.)

24.     Plaintiff MELANIE D. OSTERHOUSE reincorporates paragraphs 1-13 as if alleged herein.

25.     At the above described time, place and location, RIGHTWAY TRUCK REPAIR & ROAD SERVICE, INC. ("RIGHTWAY") was an Indiana corporation engaged in the business of truck and trailer inspection and repair, including but not limited to inspection and repair of truck and trailer axles, axle housings, wheel hub assemblies, wheel bearings and wheel

7

lubrication systems.

26.   Defendant RIGHTWAY owed a duty to Plaintiff, MELANIE D. OSTERHOUSE and others similarly situated, to properly inspect and correctly repair the tractor in a workmanlike manner, including taking into account any foreseeable risks and hazards of any possible injury to motorists on the highway in the event of a failure of any inspection and/or repairs made, including, but not limited to the tractor's axle, axle housing or wheel.

27.   Defendant RIGHTWAY was negligent, and violated its duty of performing workmanlike service in one or more of the following ways:

    a)    In failing to inspect, replace and/or repair the axle housing, axle or wheel assembly on the tractor;

    b)    In failing to ensure that the axle housing, axle or wheel assembly was properly assembled and adequately maintained when the service was completed;

    c)    In failing to inspect and replace any mechanical failure of the axle housing, axle or wheel assembly systems;

    d)    In failing to check, inspect and maintain the axle housing, axle, wheel assembly and tires properly in safe condition for hauling cargo; and

    e)    Failing to install the use of any early warning system or fault detection equipment to identify mechanical failure in the axle housing, axle or wheel assembly.

28.   As a direct and proximate result of one or more of the foregoing negligent acts or omissions by RIGHTWAY, Plaintiff MELANIE D. OSTERHOUSE was injured in one or more of the following ways:

    a)    Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to her person including, but not limited to the pre-mature, cesarean section delivery of her child and disfigurement related thereto;

8

b)      Plaintiff suffered a loss of earning capacity;

c)      Plaintiff experienced pain and suffering in the past;

d)      Plaintiff has expended large sums of money to cure herself of her injuries; and

e)      Plaintiff experienced emotional distress

WHEREFORE, Plaintiff, MELANIE D. OSTERHOUSE, prays for judgment in her favor and against the Defendant, RIGHTWAY TRUCK REPAIR AND ROAD SERVICE, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs of suit and such other and further relief as the court and/or jury may deem just and proper.

## COUNT IV
### (NEGLIGENCE AGAINST DEFENDANT GREGORY L. GROVER)

29.      Plaintiff JADON S. OSTERHOUSE, a minor, by MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, reincorporates paragraphs 1-13 as if alleged herein.

30.      At the above described time, place and location, GREGORY L. GROVER, was the owner and operator of the tractor.

31.      Defendant GREGORY L. GROVER owed a duty to Plaintiff, JADSON S. OSTERHOUSE and others similarly situated to operate his tractor and all parts and/or appurtenances thereto in a manner so as not to cause bodily injury.

32.      Defendant GREGORY L. GROVER was negligent in one or more of the following ways:

a)      Failing to comply with federal standards, including but not limited to 49 CFR 396 *et seq.*, and/or Illinois and/or common law standards for the operation of tractor-trailers on public highways by failing to maintain the

axle housing, axle and wheel assembly of the tractor;

b)      Failing to comply with federal standards, including but not limited to 49 CFR 396 *et seq.*, and/or Illinois and/or common law standards for the operation of tractor-trailers on public highways by failing before each trip including the one on October 22, 2002 to inspect the tractor adequately or frequently enough to discover the deterioration of the axle housing and/or defective wheel assembly, prior to failure of the components and subsequent injuries to Plaintiffs;

c)      In continuing to operate the tractor on the highway when he knew or in the exercise of reasonable care should have known that the axle housing, axle and wheel assembly were inadequately maintained and were in danger of deteriorating, causing the axle and wheel assembly to fly off and strike other vehicles and persons on the highway with catastrophic results.

e)      Failing to employ the use of any early warning system or fault detection equipment to identify mechanical failure; and

f)      Negligently hiring co-Defendant RIGHTWAY to perform inspection, maintenance and/or repair of the tractor.

33.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions by GREGORY L. GROVER, Plaintiff JADON S. OSTERHOUSE was injured in one or more of the following ways:

a)      Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to his person including, but not limited to hyaline membrane disease, hyperbilirubinemia, retinopathy of prematurity, apnea of prematurity, physiologic anemia and inguinal hernia;

b)      Plaintiff has experienced pain and suffering in the past and will so suffer into the future;

d)      Plaintiff through MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, has expended large sums of money to cure himself of his injuries and will be required to expend large sums of money to cure himself of his injuries in the future;

WHEREFORE, Plaintiff, JADON S. OSTERHOUSE, a minor, by MELANIE D.

10

OSTERHOUSE, his mother as natural guardian and next friend, prays for judgment in his favor

and against the Defendant, GREGORY L. GROVER, for an amount in excess of FIFTY

THOUSAND DOLLARS ($50,000.00), together with costs of suit and such other and further

relief as the court and/or jury may deem just and proper.

**COUNT V**

**(Negligence Against Defendant GREGORY L. GROVER d/b/a MEMR, Inc.)**

34.     Plaintiff JADON S. OSTERHOUSE, a minor, by MELANIE D. OSTERHOUSE,

his mother as natural guardian and next friend, reincorporates paragraphs 1-13 as if alleged

herein.

35.     At the above described time, place and location, MEMR was the employer of

GREGORY L. GROVER, the driver of the tractor.

36.     Defendant GREGORY L. GROVER d/b/a MEMR, INC. owed a duty to Plaintiff,

JADON S. OSTERHOUSE and others similarly situated to operate his tractor and all parts

and/or appurtenances thereto in a manner so as not to cause bodily injury.

37.     Defendant MEMR was negligent, directly and through the conduct of its agent or

employees, in one or more of the following ways:

a)     Failing to comply with federal standards, including but not limited to 49 CFR 396 *et seq.*, and/or Illinois and/or common law standards for the operation of tractor-trailers on public highways by failing to maintain the axle housing, axle and wheel assembly of the tractor;

b)     Failing to comply with federal standards, including but not limited to 49 CFR 396 *et seq.*, and/or Illinois and/or common law standards for the operation of tractor-trailers on public highways by failing before each trip including the one on October 22, 2002 to inspect the tractor adequately or frequently enough to discover the deterioration of the axle housing and/or defective wheel assembly, prior to failure of the components and subsequent injuries to Plaintiffs;

11

c)    In continuing to operate the tractor on the highway when it knew or in the exercise of reasonable care should have known that the axle housing, axle and wheel assembly were inadequately maintained and were in danger of deteriorating, causing the axle and wheel assembly to fly off and strike other vehicles and persons on the highway with catastrophic results.

e)    Failing to employ the use of any early warning system or fault detection equipment to identify mechanical failure; and

f)    Negligently hiring co-Defendant RIGHTWAY to perform inspection, maintenance and/or repair of the tractor.

38.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions by MEMR, Plaintiff JADON S. OSTERHOUSE was injured in one or more of the following ways:

a)    Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to his person including, but not limited to hyaline membrane disease, hyperbilirubinemia, retinopathy of prematurity, apnea of prematurity, physiologic anemia and inguinal hernia;

b)    Plaintiff has experienced pain and suffering in the past and will so suffer into the future;

c)    Plaintiff through MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, has expended large sums of money to cure himself of his injuries and will be required to expend large sums of money to cure himself of his injuries in the future;

WHEREFORE, Plaintiff, JADON S. OSTERHOUSE, a minor, by MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, prays for judgment in his favor and against the Defendant GREGORY L. GROVER d/b/a MEMR, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs of suit and such other and further relief as the court and/or jury may deem just and proper.

12

## COUNT VI
### (NEGLIGENCE AGAINST DEFENDANT RIGHTWAY TRUCK REPAIR & ROAD SERVICE, INC.)

39.     Plaintiff JADON S. OSTERHOUSE, a minor, by MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, reincorporates paragraphs 1-13 as if alleged herein.

40.     At the above described time, place and location, RIGHTWAY TRUCK REPAIR & ROAD SERVICE, INC. ("RIGHTWAY") was an Indiana corporation engaged in the business of truck and trailer inspection and repair, including but not limited to inspection and repair of truck and trailer axles, axle housings, wheel hub assemblies, wheel bearings and wheel lubrication systems.

41.     Defendant RIGHTWAY owed a duty to Plaintiff, JADON S. OSTERHOUSE and others similarly situated, to properly inspect and correctly repair the tractor in a workmanlike manner, including taking into account any foreseeable risks and hazards of any possible injury to motorists on the highway in the event of a failure of any inspection and/or repairs made, including, but not limited to the tractor's axle, axle housing or wheel.

42.     Defendant RIGHTWAY was negligent, and violated its duty of performing workmanlike service in one or more of the following ways:

   a)     In failing to inspect, replace and/or repair the axle housing, axle or wheel assembly on the tractor;

   b)     In failing to ensure that the axle housing, axle or wheel assembly was properly assembled and adequately maintained when the service was completed;

   c)     In failing to inspect and replace any mechanical failure of the axle housing, axle or wheel assembly systems;

13

d)   In failing to check, inspect and maintain the axle housing, axle, wheel assembly and tires properly in safe condition for hauling cargo; and

e)   Failing to install the use of any early warning system or fault detection equipment to identify mechanical failure in the axle housing, axle or wheel assembly.

43.   As a direct and proximate result of one or more of the foregoing negligent acts or omissions by RIGHTWAY, Plaintiff JADON S. OSTERHOUSE was injured in one or more of the following ways:

a)   Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to his person including, but not limited to hyaline membrane disease, hyperbilirubinemia, retinopathy of prematurity, apnea of prematurity, physiologic anemia and inguinal hernia;

b)   Plaintiff has experienced pain and suffering in the past and will so suffer into the future;

c)   Plaintiff through MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, has expended large sums of money to cure himself of his injuries and will be required to expend large sums of money to cure himself of his injuries in the future;

WHEREFORE, Plaintiff, JADON S. OSTERHOUSE, a minor, by MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, prays for judgment in his favor and against the Defendant, RIGHTWAY TRUCK REPAIR AND ROAD SERVICE, INC. for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs of suit and such other and further relief as the court and/or jury may deem just and proper.

## COUNT VII
### (LOSS OF CONSORTIUM BY PLAINTIFF DAVID OSTERHOUSE AGAINST ALL DEFENDANTS)

44.   Now comes Plaintiff DAVID OSTERHOUSE and for his cause of action against all four Defendants, individually, jointly, severely and collectively in Counts I through VI and

14

Counts VIII and IX, reincorporates paragraphs 1-13 as if alleged herein and states as follows.

45.     All at times pertinent herein, Plaintiff Melanie D. Osterhouse was the lawfully wedded wife of Plaintiff DAVID OSTERHOUSE and was at all such times living and cohabiting with DAVID OSTERHOUSE as his wife.

46.     Because of the duties, breach of duties, proximate causes and injuries as alleged herein to the separate Plaintiff Melanie D. Osterhouse, DAVID OSTERHOUSE has been caused to suffer the loss of society, consortium, companionship, love, affection, and support of the separate Plaintiff Melanie D. Osterhouse, and as a result therein, has been damaged in an amount yet to be ascertained.

WHEREFORE, Plaintiff DAVID OSTERHOUSE prays for judgment in his favor and against Defendants individually, jointly, severely and collectively in Counts I through VI and Counts VIII and IX, in a sum in excess of the jurisdictional limits for his costs herein expended, and such other and further relief as the Court deems just and proper in these circumstances.

## COUNT VIII
### (PRODUCTS LIABILITY AGAINST DEFENDANT PACCAR, INC.)

47.     Plaintiff MELANIE D. OSTERHOUSE reincorporates paragraphs 1-13 as if alleged herein.

48.     Defendant PACCAR, Inc. (PACCAR) is a corporation organized and existing under the laws of the State Delaware and has its principal place of business in Bellevue, Washington and is engaged in the design, testing, manufacturing, assembly, sale and distribution of products including tractor-trailer axle housings, axles and wheel assemblies.  On information and belief, PACCAR designed, tested (or failed to test), manufactured, assembled, sold, and

15

distributed the axle housing, axle and wheel assembly which separated or failed and caused the damages complained of herein.

49.     Defendant PACCAR owed a duty to Plaintiff, MELANIE D. OSTERHOUSE and others similarly situated, to use all possible care in the preparation and manufacture of the tractor in a manner which does not depart from its intended design.

50.     On information and belief, at the time of the original retail sale and distribution, the tractor and its axle housing, axle and wheel assembly were dangerously defective in each of the following respects, for which Defendant PACCAR is strictly liable to Plaintiff:

(a)     The axle housing, axles and wheel assemblies were designed and manufactured without sufficient or any retaining device or fail-safe mechanism to prevent separation of a wheel or wheel set from the axle in the foreseeable event of inadequate lubrication, and/or failure of lubrication, and/or heat build up, and/or failure of the outer bearings, bearing adjustment nut, and wheel jam nut to hold the wheel set on the axle, or foreseeable failure or improper installation of lug nuts.

(b)     The axle housing, axles and wheel assemblies were designed an manufactured without sufficient or any automatic sensing device or fail-safe mechanism to alert the operator to unsafe heat build up in the wheel bearings and/or other moving parts of the axle housing, axle or wheel assembly in the foreseeable event of inadequate lubrication and/or failure of lubrication;

(c)     The axle housing, axle and wheel assemblies were designed and manufactured without sufficient or any automatic sensing device or fail-safe mechanism to alert the operator to the foreseeable loosening or wobbling of a wheel or wheel assembly;

51.     As a direct and proximate result of one or more of the foregoing acts or omissions by PACCAR, Plaintiff was injured in one or more of the following ways:

a)      Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to her person including, but not limited to the pre-mature, cesarean section delivery of her child and disfigurement related thereto;

16

b)  Plaintiff suffered a loss of earning capacity;

c)  Plaintiff experienced pain and suffering in the past;

d)  Plaintiff has expended large sums of money to cure herself of her injuries; and

e)  Plaintiff experienced emotional distress;

WHEREFORE, Plaintiff, MELANIE D. OSTERHOUSE, prays for judgment in her favor and against the Defendant, PACCAR, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs of suit and such other and further relief as the court and/or jury may deem just and proper.

## COUNT IX
### (NEGLIGENCE AGAINST DEFENDANT PACCAR, INC.)

52.  Plaintiff MELANIE D. OSTERHOUSE reincorporates paragraphs 1-13 as if alleged herein.

53.  Defendant PACCAR, Inc. (PACCAR) is a corporation organized and existing under the laws of the State Delaware and has its principal place of business in Bellevue, Washington and is engaged in the design, testing, manufacturing, assembly, sale and distribution of products including tractor-trailer axle housings, axles and wheel assemblies. On information and belief, PACCAR designed, tested (or failed to test), manufactured, assembled, sold, and distributed the axle housing, axle and wheel assembly which separated or failed and caused the damages complained of herein.

54.  Defendant PACCAR owed a duty to Plaintiff, MELANIE D. OSTERHOUSE and others similarly situated, to use all possible care in the preparation and manufacture of the tractor

17

in a manner which does not depart from its intended design.

55.    Defendant PACCAR was negligent in one or more of the following ways:

    (a)    In selling or distributing the tractor when it knew or should have known the tractor was in a dangerously defective condition as described in paragraphs ¶ 50, *supra*;

    (b)    In failing to perform tests, experiments, research, or other study to learn of the potential ways in which the tractor could, and foreseeably would, lose an axle housing, axle, wheel assembly, wheel or wheel set;

    (c)    In failing to perform tests, experiments, research or other study to learn the alternative feasible ways to reduce or prevent the risk of loss of an axle housing, axle, wheel assembly, wheel or wheel set from the tractor;

    (d)    In failing to design and incorporate into the tractor any retaining device or fail-safe mechanism to prevent separation of an axle housing, axle, wheel assembly, wheel or wheel set from the tractor;.

    (e)    In failing to design and incorporate into the tractor any automatic sensing device, early warning system or fail-safe mechanism to alert the operator to risk of losing an axle housing, axle, wheel assembly, wheel or wheel set from the tractor.

56.    As a direct and proximate result of one or more of the foregoing acts or omissions by

PACCAR, Plaintiff was injured in one or more of the following ways:

    a)    Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to her person including, but not limited to the pre-mature, cesarean section delivery of her child and disfigurement related thereto;

    b)    Plaintiff suffered a loss of earning capacity;

    c)    Plaintiff experienced pain and suffering in the past;

    d)    Plaintiff has expended large sums of money to cure herself of her injuries; and

    e)    Plaintiff experienced emotional distress

WHEREFORE, Plaintiff, MELANIE D. OSTERHOUSE, prays for judgment in her favor

and against the Defendant, PACCAR, INC., for an amount in excess of FIFTY THOUSAND

DOLLARS ($50,000.00), together with costs of suit and such other and further relief as the court

and/or jury may deem just and proper.

## COUNT X
### (PRODUCTS LIABILITY AGAINST DEFENDANT PACCAR, INC.)

57.     Plaintiff JADON S. OSTERHOUSE, a minor, by MELANIE D. OSTERHOUSE,

his mother as natural guardian and next friend reincorporates paragraphs 1-13 as if alleged

herein.

58,     Defendant PACCAR, Inc. (PACCAR) is a corporation organized and existing

under the laws of the State Delaware and has its principal place of business in Bellevue,

Washington and is engaged in the design, testing, manufacturing, assembly, sale and distribution

of products including tractor-trailer axle housings, axles and wheel assemblies.  On information

and belief, PACCAR designed, tested (or failed to test), manufactured, assembled, sold, and

distributed the axle housing, axle and wheel assembly which separated or failed and caused the

damages complained of herein.

59.     Defendant PACCAR owed a duty to Plaintiff, JADON S. OSTERHOUSE and

others similarly situated, to use all possible care in the preparation and manufacture of the tractor

in a manner which does not depart from its intended design.

60.     On information and belief, at the time of the original retail sale and distribution,

the tractor and its axle housing, axle and wheel assembly were dangerously defective in each of

the following respects, for which Defendant PACCAR is strictly liable to Plaintiff:

> (a)     The axle housing, axles and wheel assemblies were designed and
> manufactured without sufficient or any retaining device or fail-safe

19

mechanism to prevent separation of a wheel or wheel set from the axle in the foreseeable event of inadequate lubrication, and/or failure of lubrication, and/or heat build up, and/or failure of the outer bearings, bearing adjustment nut, and wheel jam nut to hold the wheel set on the axle, or foreseeable failure or improper installation of lug nuts.

(b)     The axle housing, axles and wheel assemblies were designed an manufactured without sufficient or any automatic sensing device or fail-safe mechanism to alert the operator to unsafe heat build up in the wheel bearings and/or other moving parts of the axle housing, axle or wheel assembly in the foreseeable event of inadequate lubrication and/or failure of lubrication;

(c)     The axle housing, axle and wheel assemblies were designed and manufactured without sufficient or any automatic sensing device or fail-safe mechanism to alert the operator to the foreseeable loosening or wobbling of a wheel or wheel assembly;

61.     As a direct and proximate result of one or more of the foregoing acts or omissions by PACCAR, Plaintiff was injured in one or more of the following ways:

a)     Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to his person including, but not limited to hyaline membrane disease, hyperbilirubinemia, retinopathy of prematurity, apnea of prematurity, physiologic anemia and inguinal hernia;

b)     Plaintiff has experienced pain and suffering in the past and will so suffer into the future;

c)     Plaintiff through MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, has expended large sums of money to cure himself of his injuries and will be required to expend large sums of money to cure himself of his injuries in the future;

WHEREFORE, Plaintiff, JADON S. OSTERHOUSE, a minor, by MELANIE D.

OSTERHOUSE, his mother as natural guardian and next friend, prays for judgment in her favor

and against the Defendant, PACCAR, INC., for an amount in excess of FIFTY THOUSAND

DOLLARS ($50,000.00), together with costs of suit and such other and further relief as the court

20

and/or jury may deem just and proper.

## COUNT XI
### (NEGLIGENCE AGAINST DEFENDANT PACCAR, INC.)

62.     Plaintiff JADON S. OSTERHOUSE, a minor, by MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend reincorporates paragraphs 1-13 as if alleged herein.

63.     Defendant PACCAR, Inc. (PACCAR) is a corporation organized and existing under the laws of the State Delaware and has its principal place of business in Bellevue, Washington and is engaged in the design, testing, manufacturing, assembly, sale and distribution of products including tractor-trailer axle housings, axles and wheel assemblies.  On information and belief, PACCAR designed, tested (or failed to test), manufactured, assembled, sold, and distributed the axle housing, axle and wheel assembly which separated or failed and caused the damages complained of herein.

64.     Defendant PACCAR owed a duty to Plaintiff, JADON S. OSTERHOUSE and others similarly situated, to use all possible care in the preparation and manufacture of the tractor in a manner which does not depart from its intended design.

65.     Defendant PACCAR was negligent in one or more of the following ways:

    (a)     In selling or distributing the tractor when it knew or should have known the tractor was in a dangerously defective condition as described in paragraphs ¶ 50, *supra*;

    (b)     In failing to perform tests, experiments, research, or other study to learn of the potential ways in which the tractor could, and foreseeably would, lose an axle housing, axle, wheel assembly, wheel or wheel set;

    (c)     In failing to perform tests, experiments, research or other study to learn the alternative feasible ways to reduce or prevent the risk of loss of an axle housing, axle, wheel assembly, wheel or wheel set from the tractor;

    (d)     In failing to design and incorporate into the tractor any retaining device or

fail-safe mechanism to prevent separation of an axle housing, axle, wheel assembly, wheel or wheel set from the tractor;.

(e)    In failing to design and incorporate into the tractor any automatic sensing device, early warning system or fail-safe mechanism to alert the operator to risk of losing an axle housing, axle, wheel assembly, wheel or wheel set from the tractor.

66.    As a direct and proximate result of one or more of the foregoing acts or omissions by PACCAR, Plaintiff was injured in one or more of the following ways:

a)    Plaintiff was made sick, sore, lame and disordered and suffered extensive injuries to his person including, but not limited to hyaline membrane disease, hyperbilirubinemia, retinopathy of prematurity, apnea of prematurity, physiologic anemia and inguinal hernia;

b)    Plaintiff has experienced pain and suffering in the past and will so suffer into the future;

c)    Plaintiff through MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, has expended large sums of money to cure himself of his injuries and will be required to expend large sums of money to cure himself of his injuries in the future;

WHEREFORE, Plaintiff, JADON S. OSTERHOUSE, a minor, by MELANIE D. OSTERHOUSE, his mother as natural guardian and next friend, prays for judgment in her favor and against the Defendant, PACCAR, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs of suit and such other and further relief as the court and/or jury may deem just and proper.

23

**Dated:** December 31, 2003.                    Respectfully submitted,

JADON S. OSTERHOUSE, a minor by
MELANIE D. OSTERHOUSE, his mother, as
natural guardian and next friend, MELANIE D.
OSTERHOUSE and DAVID OSTERHOUSE,
Plaintiffs,

By:  _J. Millar_____
      One of Their Attorneys

    Jeffrey A. J. Millar #6271673
    **THE LAKIN LAW FIRM, P.C.**
    300 Evans Avenue,
    Wood River, IL 62095-1127
    Phone: 618.254.1127
    Facsimile : 618.254.0193

## AFFIDAVIT

I, Gregory Lee Grover, being first duly sworn under oath, deposes and states the following:

1.  I currently reside at 165 South 100 West, Mt. Pleasant, Utah (84647).
2.  On October 22, 2002 and for some time prior thereto, I resided at 165 South 100 West, in Mt. Pleasant, Utah.
3.  I have personal knowledge of all of the information set forth in this affidavit.
4.  I am the president of M.E.M.R. Inc.
5.  M.E.M.R. Inc. is an S-type Corporation which was duly organized and incorporated under the laws of the State of Utah in 1998.
6.  M.E.M.R. Inc. has remained incorporated in the State of Utah and in good standing from the time of its initial incorporation through the date of this affidavit.
7.  M.E.M.R. Inc. is a transportation company. Its' only office is located at 165 South 100 West, in Mt. Pleasant, Utah (84647). This office serves as M.E.M.R. Inc.'s principal place of business.
8.  At no time has M.E.M.R. Inc. ever been incorporated or had its principal place of business located within the states of Illinois, Indiana, Delaware or Washington.

Further Affiant Sayeth Naught

_____
GREGORY LEE GROVER

SUBSCRIBED and SWORN to before me this __6__ day of
_February_____, 2004.

_____
NOTARY PUBLIC

LUCINDA BROTHERSON
NOTARY PUBLIC • STATE of UTAH
810 SOUTH STATE
MT PLEASANT, UT 84647
COMM. EXP. 10-12-05


DEFENDANT'S EXHIBIT
B
ALL-STATE LEGAL®