IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JADON S. OSTERHOUSE**, *a minor*, *by* **MELANIE D. OSTERHOUSE,** *his mother, as natural guardian and next friend*, **MELANIE D. OSTERHOUSE,** *and* **DAVID OSTERHOUSE,** | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 04-cv-0093-MJR |
| **GREGORY L. GROVER, M.E.M.R., INC., RIGHTWAY DIESEL SERVICE, PACCAR, INC., EATON CORPORATION, TRANSGUARD INSURANCE COMPANY OF AMERICA, INC.,** *and* **GENERAL MOTORS CORPORATION,** | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Now before the Court is Defendant PACCAR, Inc's motion for partial summary judgment (Doc. 147) and memorandum in support (Doc. 148). The Court begins its analysis with a brief recitation of the key facts and procedural history.

**A. Factual Background and Procedural History**

This action was originally commenced in the Circuit Court of Madison County, Illinois on December 31, 2003. On February 11, 2004, this case was removed to this Court (Doc. 1). Following this removal, on October 14, 2004, Plaintiffs filed their First Amended Complaint, ("Complaint") adding three additional defendants (Doc. 48).

Plaintiffs' action arises out of a motor vehicle accident (the "accident") that occurred on October 22, 2002, on eastbound I-64 near Mt. Vernon, Illinois. The accident involved the alleged separation of an axle shaft and double set of truck wheels from a 1990 Kenworth over-the-road tractor, which was being driven by defendant Gregory L. Grover ("Grover"), owned by defendant M.E.M.R., Inc. ("MEMR"), and serviced by defendant Rightway Diesel Service ("Rightway") (Complaint, ¶¶ 10-12). The axle shaft, purportedly manufactured by defendant Eaton Corporation ("Eaton"), allegedly crossed the median of an interstate highway and struck the vehicle in which plaintiff Melanie Osterhouse was riding, a 2003 Buick Rendezvous manufactured by defendant General Motors Corporation ("GM")(Complaint, ¶¶ 11, 71, 91-92). The tractor was manufactured by PACCAR. (Complaint, ¶¶ 5, 10; Affidavit of Richard Sedgley ("Affidavit"), ¶¶ 1-2). Plaintiffs allege that the accident was the cause of plaintiff Jadon Osterhouse's premature birth nine days later (Complaint, ¶¶ 14-16).

In their 34-count Complaint, Plaintiffs have brought six counts against PACCAR, two of which (Counts VIII and X) allege strict products liability causes of action, two of which allege negligence causes of action (Counts IX and XI), and two of which (Counts VII and XXXII) are derivative thereof.

In it's motion for partial summary judgement, PACCAR argues that it should be granted summary judgement as to Counts VIII and X because those claims are barred by Illinois' ten-year Statute of Repose (Doc. 148, pp. 2-3). Plaintiffs have filed no response to PACCAR's motion.

B. **Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers,

admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metropolitan Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986);** *Ulichny v. Merton Community School Dist.*, **249 F.3d 686, 699 (7th Cir. 2001);** *Miranda v. Wisconsin Power & Light Company*, **91 F.3d 1011, 1014 (7th Cir. 1996).**

C. <u>Analysis</u>

PACCAR argues that the plain language of Illinois' ten-year Statute of Repose applies to bar Counts VIII and X against PACCAR because the tractor was first sold and delivered to its initial consumer more than ten years before this action was commenced.

As PACCAR points out, Plaintiffs' Counts VIII and X are in the nature of strict products liability as defined by **735 ILCS 5/13-213(a)(3)**. Pursuant to **735 ILCS 5/13-213(a)(3)**, a "product liability action" is "any action based on the doctrine of strict liability in tort brought against the seller of a product on account of personal injury ...." Under **§ 213(a)(4)**, a "seller" includes one who manufactures a product or "otherwise is involved in placing a product in the stream of commerce." Here, in Counts VIII and X, Plaintiffs allege personal injuries and other damages purportedly caused by the manufacture of the tractor by PACCAR, a "seller" as defined by **§ 213(a)(4). (Complaint, ¶¶ 5, 52-54, 57-59, 62-64, 67-69).**

Subsection (b) of the Illinois Statute of Repose provides:

> [N]o product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

**735 ILCS 5/13-213(b).**

In this case, PACCAR asserts that the tractor was first sold and delivered to its initial consumer on March 23, 1990 (Affidavit, ¶ 4). And, PACCAR claims, the tractor was not expressly warranted or promised for a period exceeding 10 years (Affidavit, ¶ 4). Plaintiffs commenced their action against PACCAR on December 31, 2003 – well outside the end-point of the repose period.

According to the Seventh Circuit, under Illinois law, after a defendant provides sufficient evidence to warrant judgment as a matter of law on a statute of repose defense, "the plaintiff has the burden of proving that any exception to a statute of repose applies." *Masters v. Hesston Corp.,* **291 F.3d 985, 989 (7th Cir. 2002)**(citing *Ocasek v. City of Chicago,* **275 Ill.App. 32 628 (Ill.App. 1 Dist. 1995).**

As mentioned, the Plaintiffs in this case have not filed with this Court any response to PACCAR's motion. Consequently, the Court finds that Plaintiffs have failed to carry their burden to oppose PACCAR's statute of repose defense. In addition, this Court's own **Local Rule 7.1(c)** states: "[f]ailure to file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **SDIL-LR 7.1(c)("Motion Practice").** In the situation now before the Court, this Court considers Plaintiffs' failure to respond as such an admission.

For the foregoing reasons, the Court **GRANTS** PACCAR'S motion for partial

summary judgement (Doc. 147) and hereby enters summary judgment in favor of PACCAR Inc. and against Plaintiffs on Counts VIII and X of Plaintiffs' Amended Complaint (Doc. 48).

**IT IS SO ORDERED.**

**DATED this 9th day of March, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
