IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELANIE D. OSTERHOUSE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-93-MJR |
| ) | |
| GREGORY L. GROVER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion to Preclude Discovery and Bar Expert Testimony of Plaintiff' 'Retained Experts' filed by the defendants, Gregory L. Grover, M.E.M.R. Inc., and Transguard Insurance Company of America, Inc., on February 9, 2006 (Doc. 168)[1]. For the reasons set forth below, the motion is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**.

**BACKGROUND**

This motion is one part of a dispute between the parties concerning the plaintiffs' expert disclosures that were the subject of various motions and a hearing on February 28, 2006. This particular motion concerns the plaintiffs' disclosure of retained expert witnesses, Leigh Berry, Joseph B. Shumway, Bruce Edward Enz, Thomas G. Petroff, Kenneth McMannis, and Stan Fincher. The defendants generally argue that for each of these experts, either the disclosure and/or the expert report is deficient. The defendant further seeks an Order limiting these experts to the opinions outlined in their reports.

**DISCUSSION**

---

[1] This motion is joined by defendant Rightway Diesel Service on February 10, 2006 (Doc. 172).

Federal Rule of Civil Procedure 26(a)(2)(B) provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Rule 37(c)(1) goes on to provide that "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed."  This Court's broad discretion over discovery matters is reviewed for an abuse of discretion.  Spiegla v. Hull, 371 F.3d 928, 943-944 (7th Cir. 2004); Patterson v. Avery Dennison Corporation, 281 F.3d 676, 681 (7th Cir. 2002).

   The defendants' general argument for exclusion of these experts are that their reports do not indicate that their opinions are held to "a reasonably degree of certainty," the reports are incomplete (especially with respect to the issue of causation, of the accident and the resulting damages) and do not contain all of the opinions they may expressed at trial, and that the experts are unqualified to offer an expert opinion.  The defendants seek to either strike these expert reports or limit the experts' testimony to those opinions outlined in their respective reports.  The

plaintiffs offer a two paragraph response in which they state that the reports provided are full and complete and that they comply with the requirements of Rule 26(a)(2)(B).

The defendants' arguments that the experts' opinions are not held to a reasonable degree of certainty and that they are otherwise unqualified tread into considerations that are usually brought before the trial court pursuant to a Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), motion in limine.  These arguments also impinge upon issues of proof that are generally left to the consideration of the trial court.  The defendants' arguments include issues regarding the sufficiency of the experts' qualifications, the sufficiency of the actual opinions expressed, and/or the sufficiency of the bases of these opinion.  These arguments necessarily involve an analysis of the evidentiary value of the opinions and the ability of these witnesses to provide expert testimony at trial.  Such arguments are more properly addressed to the trial court.  Thus, to the extent that the defendants contend that the experts' opinions are inadmissible pursuant to the Federal Rules of Evidence, such arguments will not be considered by this Court.  Rather, this Court's consideration of the plaintiffs' disclosures is limited to an analysis of whether those disclosures are consistent with Rules 26 and 37.

Rule 26(a)(2)(B) states, in part, that an expert report "*shall* contain a complete statement of *all* opinions to be expressed and the basis and reasons therefore . . . " (emphasis added).  The terms of the Rule, "shall" and "all," leave no room for waffling.  In Salgado by Salgado v. General Motors Corporation, 150 F.3d 735 (7th Cir. 1998), the Seventh Circuit Court of Appeal succinctly stated that:

> Rule 26(a) expert reports must be "detailed and complete."  A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor.  The report must be complete such that

> opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources. Expert reports must not be sketchy, vague or preliminary in nature. Disclosures must not be used as a means to extend a discovery deadline. Expert reports must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions.
>
> Id. at 742 n.6 (citations omitted).

Thus, in Nurtrasweet Company v. X-L Engineering Co., 227 F.3d 776 (7th Cir. 2000), the Circuit Court approved a District Court ruling pursuant to Rule 37 that limited an expert's testimony to the opinions outlined in the original expert report as no supplemental report was filed prior to the expert report deadline. Id. at 785-786. All opinions to be expressed must be contained in an expert report.

As such, any opinion that any of the plaintiffs' experts would express at trial is limited to only those opinions found in their respective expert report. The brief descriptive paragraphs that are appended to each of the plaintiffs' disclosure of expert witnesses provides insufficient information as to the "additional opinions that may be expressed at a deposition." Therefore, to the extent that these experts may have additional opinions, this Court finds that those opinions have not been sufficiently disclosed as required by Rule 26(a)(2)(B) and that they are subject to Rule 37(c)(1). In addition, as these paragraphs are not contained in the expert reports themselves, any opinions found in the paragraphs (which appear to have been authored by the plaintiffs' attorneys) are not considered expert opinions in this case.

The burden of showing that the omission is justified or harmless falls on the plaintiffs. Keach v. U. S. Trust Co., 419 F.3d 626, 639-640 (7th Cir. 2005); Salgado, 150 F.3d at 742. The plaintiffs have offered no argument in their responsive brief that addresses these two factors.

At the hearing, the plaintiffs offered various arguments but did not specifically indicate whether the omissions were justified and/or harmless.  They did state, however, that there would be no prejudice to the defendants if these experts offer additional testimony at a deposition.  This argument misses the mark.  The Court notes that the deadline for the depositions of plaintiffs' experts has elapsed and the deadline for the defendants to disclose their experts is fast approaching.  Adding speculative opinions for which there is no report – indeed ones that go to the very heart of this case, causation – at this stage of the proceedings would be prejudicial as the discovery deadline is looming.[2]  Therefore, as there is no showing of justification or harmlesssness, each of the plaintiffs' retained experts are limited to testifying as to those opinions found in their expert reports.

With respect to Kenneth McMannis, the defendants indicate that the failure to show this expert's qualifications by attaching a resume is fatal.  Rule 26(a)(2)(B) does not require that a resume be attached, just that "qualifications" be included the report.  The qualifications that Mr. McMannis lists are that he has been an "an over the road truck drive for over 40 years" and that he is "generally familiar with the mechanics of large trucks and very familiar wit truck driving itself."  Thus, Mr. McMannis' qualifications are based on experience.  Whether this is sufficient, or not, would the subject of a potential <u>Daubert</u> motion.  The defendants do argue, however, that there is no basis for the opinions expressed.  Rule 26(a)(2)(B) states that the report must contain, besides the opinions themselves, "the basis and reasons therefore."  Mr. McMannis' one page report lists the information he relied on (i.e. the "data or other information considered") and then launches directly into his opinions.  There is no indication of the reasoning behind the opinion or

---

[2] No party has submitted any amended reports authored by the plaintiffs' experts.

what those opinions are based on – there is no answer to "why" these opinions are held. Therefore, Mr. McMannis' opinion is insufficient and may not be used as evidence at trial pursuant to Rule 37(c)(1).

The same is true of Mr. Petroff's expert report.  Mr Petroff first lists a number of facts in the "pre-accident events" and the "post-accident events" of his report.  He then goes on to list various evidence as "bases for opinions."  The report then goes directly into almost two pages of opinions.  There is no indication of any reasoning – no indication of how or why he reached his opinions.  Just as with Mr. McMannis, the defendants would be forced to depose Mr. Petroff to determine why he reached his conclusions.   Both opinions are vague and are mere conclusions with no reasoning.  Therefore Mr. Petroff's opinion is insufficient under Rule 26(a)(2)(B) and may not be used as evidence at trial pursuant to Rule 37(c)(1).

## Conclusion

For reasons set forth above, the Motion to Preclude Discovery and Bar Expert Testimony of Plaintiff' 'Retained Experts' filed by the defendants, Gregory L. Grover, M.E.M.R. Inc., and Transguard Insurance Company of America, Inc., on February 9, 2006  is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART** (Doc. 168).


**DATED: July 20, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**