IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JADON S. OSTERHOUSE,** *a minor*, *by* **MELANIE D. OSTERHOUSE,** *his mother, as natural guardian and next friend,* **MELANIE D. OSTERHOUSE,** *and* **DAVID OSTERHOUSE,** | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 04-cv-0093-MJR |
| **GREGORY L. GROVER, M.E.M.R., INC., TRANSGUARD INSURANCE COMPANY OF AMERICA, INC.,** *and* **RIGHTWAY DIESEL SERVICE,** | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

  Before this Court is Plaintiffs' motion for voluntary dismissal of their complaint without prejudice (Doc. 221). All four remaining defendants in this matter have filed objections to this motion (*see* Docs. 224, 225). For the following reasons, the motion is granted, but with terms and conditions attached.

**A. Factual Background and Procedural History**

  This action was originally commenced in the Circuit Court of Madison County, Illinois on December 31, 2003. On February 11, 2004, this case was removed to this Court (Doc. 1). Plaintiffs' action arises out of a motor vehicle accident (the "accident") that occurred on October 22, 2002, on eastbound I-64 near Mt. Vernon, Illinois. The accident involved the alleged separation of an axle shaft and double set of truck wheels from a 1990 Kenworth over-the-road tractor, which

was being driven by defendant Gregory L. Grover ("Grover"), owned by defendant M.E.M.R., Inc. ("MEMR"), and serviced by defendant Rightway Diesel Service ("Rightway") (Complaint, ¶¶ 10-12). The axle shaft allegedly crossed the median of an interstate highway and struck the vehicle in which plaintiff Melanie Osterhouse was riding (Complaint, ¶¶ 11, 71, 91-92). Plaintiffs allege that the accident was the cause of plaintiff Jadon Osterhouse's premature birth nine days later, as well as developmental complications resulting therefrom (Complaint, ¶¶ 14-16).

Now before this Court is Plaintiffs' motion to dismiss this matter without prejudice (Doc. 221). Therein, Plaintiffs assert that the longer-term effects of Jadon's injuries may not be fully recognized for another two to three years, and seek to voluntarily dismiss their claims "until such time as Jadon's developmental delay becomes more certain" (Doc. 221, pp. 1-2).

All four remaining Defendants object to Plaintiffs' motion (*see* Docs. 224, 225). Defendants argue that this Court should not allow Plaintiffs to dismiss this matter without prejudice, and should only grant dismissal if it does so either with prejudice, or with several terms and conditions Defendants assert are appropriate and necessary.

## Analysis:

**FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** allows a plaintiff to voluntarily dismiss an action without a court order by filing a stipulation signed by all parties or by filing a "notice of dismissal" any time before the adverse party has filed an answer or moved for summary judgment. If those options are unavailable (as here, because Defendants have already filed answers), a plaintiff may move for a court order permitting dismissal under **RULE 41(a)(2)**, which provides:

> an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

Thus, under Rule 41(a)(2), a court may impose whatever conditions it believes are necessary to protect other parties in the suit from prejudice. ***Ratkovich v. Smith Kline,* 951 F.2d 155, 157-58 (7th Cir. 1991); *Brandt v. Schal Associates, Inc.,* 854 F.2d 948, 955 (7th Cir. 1988).** Stated another way, Rule 41(a)(2) "preserves the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." ***Marlow v. Winston & Strawn,* 19 F.3d 300, 303 (7th Cir. 1994),** *quoting McCall-Bey v. Franzen,* **777 F.2d 1178, 1184 (7th Cir.1985).**

The dismissal of a plaintiff's complaint under Rule 41(a)(2) lies within the discretion of the trial court, ***FDIC v. Knostman,* 966 F.2d 1133, 1142 (7th Cir. 1992),** but the Seventh Circuit has delineated certain factors to guide the trial court's determination of whether a defendant will suffer legal prejudice by dismissal. ***Ratkovich* at 158.** The factors include:

> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal and the fact that a motion for summary judgment has been filed by the defendant.

*Id., quoting Pace v. Southern Express Co.,* **409 F.2d 331, 334 (7th Cir.1969).** These factors are simply a guide for the court in exercising its discretion, and all factors need not be present. ***Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 474 (7th Cir.1988).** "The enumeration of factors to be considered in *Pace* is not the equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." ***Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir. 1980).** Using these factors as guidance, the Court makes the following observations.

As to the second and fourth factors, the Court finds these factors do not demonstrate that dismissal without prejudice would result in legal prejudice to Defendants. Although Defendants

take issue with the Plaintiffs' timing and maneuvering in prosecuting their case, the record of this matter does not demonstrate that Plaintiffs have caused "excessive delay" or have shown a "lack of diligence" in prosecuting their claims. Moreover, not one of the four remaining defendants in this matter has filed a motion for summary judgment.

Regarding Plaintiffs' proffered explanation for taking a dismissal, the Court finds Plaintiffs' showing sufficient. Plaintiffs have provided the declarations of two separate physicians to support their contention that the longer-term effects of Jadon's injuries may not be fully recognized for another two to three years. This being the case, it would be premature to take this matter to trial before the extent of Jadon's injuries are fully realized. Each side would be potentially prejudiced if the case was forced to trial on the current January 2007 setting. Not knowing the full extent of Jadon's injuries could lead to jury speculation favoring or disfavoring one side or the other.

Regarding Defendants' effort and expense in preparation for trial, the record indicates that Defendants have spent considerable time and effort defending Plaintiffs' complaint over the past 34 months the case has been pending before this Court. Indeed, Defendant Rightway Diesel, for instance, estimates its attorney fees in excess of $60,000 with costs approximately $8,000 (Doc. 224, p. 14). In light of these circumstances, it could be inequitable, at this eleventh hour, to permit dismissal without prejudice without attaching "terms and conditions" the Court deems proper. The Court uses the term "could" because of the possibility that Defendants' work and funds expenditure is not necessarily for naught. For example, if this case was re-filed in federal court in the Southern District of Illinois, local practice would cause a "forced" assignment of the case to the undersigned District Judge who then would order all discovery in the instant case applied to the newly-filed matter. This would avoid the prejudice of duplicitous litigation for all parties. Nonetheless, the Court still

recognizes the possibility that Plaintiffs may choose to re-file this matter in a different federal court or state court, or may elect not to re-file the matter at all.

Based on these observations, the Court **FINDS** that granting Plaintiffs' motion for voluntary dismissal without prejudice will not cause Defendants to suffer undue legal prejudice so long as this Court imposes certain terms and conditions designed to balance Plaintiffs' desire for additional time to determine the nature and extent of Jadon's injuries against Defendant's desire to avoid duplicitous litigation. Accordingly, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**, the Court **GRANTS** Plaintiffs' motion (Doc. 221) and **DISMISSES** this matter *without prejudice* subject to the following terms and conditions, which were briefed by the parties:

- Regarding attorneys' fees, the Court will hold a determination of this issue in abeyance pending any subsequent re-filing of this matter. ***See* F.R.C.P. 41(d).**

- Plaintiffs shall pay costs to defendants under **F.R.C.P. 54 (d)(1).** Defendants shall tender their bill of costs to Plaintiffs within 21 days of this order. Any objections thereto shall be filed within 14 days thereafter and will be heard by the Magistrate Judge assigned this case- Judge Wilkerson. In the event the case is re-filed and Plaintiffs are "prevailing parties" the Court may revisit the costs issue and order Defendants to re-pay Plaintiffs.

- Regarding a re-filing of this matter, this Court will not force Plaintiffs to re-file this matter in this Court. This Court can not simply create subject matter jurisdiction over any matter and no party can stipulate to or waive subject matter jurisdiction. *See, e.g., Wisconsin v. Ho-Chunk Nation*, 463 F.3d 655, 661 (7th Cir.

**2006).** The Court recognizes its authority to enter an injunction requiring plaintiffs to refile in this Court with only the currently named defendants but elects not to do so because of the possibility of dual litigation (e.g. if a new defendant is discovered who destroys diversity).

- The parties agree that all substantive rulings and orders in this case, as well as depositions (subject to objections therein) and discovery produced in this matter, will apply to the parties in any subsequent re-filed action.

- Defendants request that would require the parties to immediately stand ready for trial upon a subsequent re-filing of this matter creates an unrealistic burden upon the Court. In the event that this matter is re-filed with the Court, the matter will be scheduled for trial pursuant to the Court's regular and appropriate scheduling practice. A motion to advance the case on the docket would be considered at the appropriate time.

- Defendants are permitted to dispose of the Kenworth Semi-Tractor involved in the underlying litigation because it would be unreasonable for them to retain this vehicle until the statue of limitations expires regarding Jadon, who is a minor. The disposition or retention of *all* other evidence in this matter – including records relating to, and/or photographs or studies of the Semi-Tractor – shall be governed by the applicable sections of the Federal Rules of Civil Procedure and Federal Rules of Evidence, as well as any and all additional applicable state laws and case law.

- The Court retains jurisdiction over this matter to the extent necessary to enforce

the terms and conditions delineated in this Order.

Accordingly, subject to the these terms and conditions, this matter is **DISMISSED** *without prejudice*.  All pending documents in this matter are hereby **DENIED AS MOOT,** and the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED this 12th day of December, 2006.**

                                                 **s/ Michael J. Reagan**
                                                 **MICHAEL J. REAGAN**
                                                 **United States District Judge**